IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LEE VERNON DEAN,                          :
                                          :
        Petitioner.                       :
                                          :
vs.                                       :       CIVIL ACTION 14-0419-CB-M
                                          :
CYNTHIA WHITE,                            :
                                          :
        Respondent.                       :


REPORT AND RECOMMENDATION


     This is an action under 28 U.S.C. § 2254 by an Alabama

inmate that was referred for report and recommendation pursuant

to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8

of the Rules Governing Section 2254 Cases.  This action is now

ready for consideration.  The state record is adequate to

determine Petitioner's claims; no federal evidentiary hearing is

required.  It is recommended that the habeas petition be denied

and that this action be dismissed.  It is further recommended

that any certificate of appealability filed by Petitioner be

denied as he is not entitled to appeal *in forma pauperis*.

Finally, it is recommended that judgment be entered in favor of

Respondent, Cynthia White, and against Petitioner, Lee Vernon

Dean.

1

Petitioner was convicted of first-degree property theft (a motor vehicle) in Mobile County Circuit Court on June 9, 2006 and sentenced to twenty years in the state penitentiary (Doc. 1).  Dean's Attorney, on appeal, filed a no merit brief under *Anders v. California*, 386 U.S. 738 (1967); the Alabama Court of Criminal Appeals, on December 1, 2006, affirmed the conviction and sentence, noting that the Attorney had substantially complied with *Anders* and that Dean had not filed a *pro se* brief, though given the opportunity (Doc. 19, Exhibit B;).

Petitioner timely-filed a State Rule 32 petition, and then later, some amendments, all found meritless by the trial judge (*see* Doc. 19, Exhibit D, pp. 1-2).  The Alabama Criminal Appeals Court affirmed that decision on March 7, 2014 (Doc. 19, Exhibit D).  On August 8, 2014, the Alabama Supreme Court denied *certiorari* and a certificate of judgment was entered (Doc. 1, pp. 15-16).

Petitioner filed his habeas petition in this Court on September 8, 2014, raising the following claims:  (1) His conviction was obtained by use of evidence gathered during an unconstitutional search and seizure; (2) the Prosecution did not disclose evidence favorable to him; and (3) he was denied the effective assistance of counsel (Doc. 1).

Dean's first claim is that his conviction was obtained by

use of evidence gathered during an unconstitutional search and seizure (Doc. 1, pp. 7, 9).  Petitioner specifically asserts that a pill bottle was improperly attributed to him in his conviction.

The Court notes, however, that because Petitioner's claim relates solely to an alleged fourth amendment violation, and because Petitioner had the opportunity to fully litigate this claim in state courts—whether or not he availed himself of that opportunity—habeas corpus relief is not available.  *Caver v. Alabama*, 577 F.2d 1188, 1191-92 (5th Cir. 1978);[1] *see also Stone v. Powell*, 428 U.S. 465, 494 (1976).  The Court further notes that Dean had the opportunity to raise this claim during his initial trial, on appeal, and during full review of his State Rule 32 petition.  Because he did not do so, *Stone* and *Caver* preclude its consideration here.

Petitioner next claims that the Prosecutor did not disclose evidence favorable to him.  Dean's entire explanation follows:[2]

---

[1] The Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[2] The State provides no defense, acknowledging, without citation, that Dean raised this claim and that the State courts have fully reviewed it (Doc. 19, pp. 5, 6).  While the Court's review of the evidence suggests that this claim is procedurally defaulted, having been raised previously only as a specific instance of ineffective assistance, it is of no moment in light of the decision reached herein.

> On 5/8/06, date of trial, & after
> receiving transcript, Petitioner discovered
> for the first time, that there was a
> cellphone + checkbooks [] left inside the
> car-jacked vehicle and there were actual
> witnesses at the entire commission of this
> theft crime, other then [sic] the state
> alleged eye-witness, Donald Wayne Tillman."

(Doc. 1, pp. 7, 9; *see also* pp. 32, 106-07, 108, 111).

In *Brady v. State of Maryland*, 373 U.S. 83, 87 (1963), the U.S. Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  The Eleventh Circuit Court of Appeals has delineated the showing that must be made by stating that "[a] *Brady* violation occurs where:  (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material to the issues at trial."  *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990), *cert. denied sub nom. Stano v. Singletary*, 516 U.S. 1122 (1996) (*citing United States v. Burroughs*, 830 F.2d 1574, 1577-78 (11th Cir. 1987), *cert. denied sub nom. Rogers v. U.S.*, 485 U.S. 969 (1988)).  The *Stano* Court went on to say that "[s]uppressed evidence is material when 'there is a reasonable probability that . . . the result of the proceeding would have been different' had the

evidence been available to the defense." *Stano*, 901 F.2d at 899 (*citing Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987) and *quoting United States v. Bagley*, 473 U.S. 667, 682 (1985) (plurality opinion of Blackmun, J.)).

Petitioner's argument, essentially, is that unnamed people might have testified differently than those who did had they been called.  The Court finds that Dean has failed to establish that the prosecution suppressed evidence favorable to him that, with reasonable probability, would have changed the result of his trial as required by *Brady* and *Stano*.  This claim has no merit.

Next Petitioner asserts that his Attorney rendered ineffective assistance in that he failed to:  (a) conduct any investigation on his own or into the Prosecution's provided discovery; (2) failed to discover inconsistent testimony between the victim and the State's witness; (3) failed to interview a person that Dean maintains committed the crime for which he was convicted; and (4) failed to objection to an unduly suggestive photographic array containing Dean's photo (Doc. 1, pp. 8-10).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court defined what a habeas petitioner must show to prevail on an ineffective assistance claim:

> First, the defendant must show that
> counsel's performance was deficient.  This
> requires showing that counsel made errors so
> serious that counsel was not functioning as
> the "counsel" guaranteed the defendant by
> the sixth amendment.  Second, the defendant
> must show that the deficient performance
> prejudiced the defense.  This requires
> showing that counsel's errors were so
> serious as to deprive the defendant of a
> fair trial, a trial whose result is
> reliable.  Unless a defendant makes both
> showings, it cannot be said that the
> conviction . . . resulted from a breakdown
> in the adversary process that renders the
> result unreliable.

*Id*. at 687.

The Court notes that Dean raised these particularized claims of ineffective assistance in his Rule 32 petition (Doc. 9, Exhibit A, pp. 15-65).  Following a hearing, Circuit Court Judge Lockett entered an Order summarizing the evidence presented before finding no merit in Petitioner's ineffective assistance claims.  Judge Lockett specifically noted that following:

> The only evidence presented by the
> Petitioner during the hearing was his
> testimony.  Petitioner made conclusory
> statements unsupported by any evidence.
> Petitioner failed to subpoena and/or call
> any witnesses, including his daughter and
> Townsend to support his assertions.
> Petitioner also failed to introduce into
> evidence the photo spread.  Additionally,
> even taking the testimony of the Petitioner

> in a light most favorable to Petitioner, the
> testimony does not show that Petitioner did
> not commit the theft of the vehicle and
> therefore would not have changed the outcome
> of the proceeding.

(Doc. 14, Exhibit A, p. 89; *see also* Exhibit G).  Judge Lockett
went on to deny Dean's claims of ineffective assistance.  The
Alabama Court of Criminal Appeals affirmed the lower court
decision, finding no errors therein (Doc. 19, Exhibit D).

This Court has reviewed Dean's arguments and notes that no
evidence has been presented of his Attorney's ineffective
assistance.  Though Petitioner alleges different incidents of
deficient performance, he has failed to provide evidence to
support his claims under *Strickland*.  The Court finds that
Dean's assertions of ineffective assistance enjoy no factual
foundation to support them.  This claim is without merit.

In bringing this action, Petitioner raises three claims.
All are without merit.  Therefore, it is recommended that this
petition be denied and that this action be dismissed.

Furthermore, pursuant to Rule 11(a) of the Rules Governing
§ 2254 Cases, the undersigned recommends that a certificate of
appealability (hereinafter *COA*) be denied.  28 U.S.C. foll. §
2254, Rule 11(a) ("The district court must issue or deny a
certificate of appealability when it enters a final order

adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court has found that Dean failed to assert sufficient facts to support a claim of constitutional error, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. It is suggested that Petitioner cannot make that showing.

<u>CONCLUSION</u>

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied and that this action be dismissed. It is further recommended that any certificate of appealability filed by Petitioner be denied

as he is not entitled to appeal *in forma pauperis*.  Finally, it is recommended that judgment be entered in favor Respondent, Cynthia White, and against Petitioner, Lee Vernon Dean.

<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 9^(th) day of April, 2015.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE