IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VERNON DEAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 14-00419-CB-M |
| CYNTHIA WHITE, | ) | |
| | ) | |
| Respondent, | ) | |

**<u>ORDER</u>**

This matter is before the Court on Petitioner's objection to the Magistrate Judge's Report and Recommendation recommending that the petition for habeas corpus relief be denied and dismissed, that a certificate of appealability be denied, and that permission to proceed *in forma pauperis* on appeal also be denied. Petitioner has filed an objection in which he argues that he is entitled to an evidentiary hearing. After *de novo* of the issues,[1] the Court adopts the Report and Recommendation with the following additions.

Petitioner raised three claims in the habeas petition filed in this Court: (1) the State relied on evidence obtained in violation of his Fourth Amendment rights; (2) the State failed to disclose exculpatory information in violation of *Brady v. Maryland*; and (3) ineffective assistance of counsel. In her answer, Respondent has acknowledged all three claims but has specifically addressed only one—ineffective assistance of counsel. To further complicated matters, Respondent's answer

---

[1] Because Petitioner's objections do not address particular findings or conclusions in the Report and Recommendation, the Court has conducted a *de novo* review of all issues.

erroneously states: "Dean appears to have exhausted his claims through one complete round of state court review as required by 28 U.S.C. § 2254(b)(1)." (Answer ¶ 13, Doc. 19.) Despite that erroneous acknowledgement, Respondent does not address the merits of either claim, neither of which was raised in state court.[2]

In the Anti-Terrorism and Effective Death Penalty Act (AEDPA), Congress placed certain constraints on federal habeas review, including a specific requirement that no application for writ of habeas corpus be granted to a person in state custody unless "the applicant has exhausted the remedies available in . . . [S]tate court." 28 U.S.C. § 2254(b)(1)(A).[3] "Exhaustion of state remedies requires that the state prisoner 'fairly present[t] federal [constitutional] claims to the state court in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Snowden v. Singletary*, 135 F.3d 732, 735 (1998) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). Furthermore, "[i]t is

---

[2] Neither claim was asserted in the Rule 32 petition. Facts similar to those underlying the *Brady* claim were raised in support of an ineffective assistance of counsel claim at the Rule 32 hearing. At the beginning of the hearing, Judge Lockett stated that Petitioner "basically ha[d] a general contention of you were denied effective assistance of counsel" based on "a photo spread" and "the lack of investigation about into [sic] a Mr. Townsend." (R. 32 Tr. 4; Doc. 19-1 at 115.) Judge Locket asked whether there was "[a]nything else that I missed?" (*Id.*) Petitioner responded: "Since I've been incarcerated I also learned that during the day of my trial there was evidence that was omitted concerning a cellphone, checkbook, and stuff like that." (*Id.*) Petitioner did not assert that the prosecution had suppressed the evidence, and no further mention of that claim was made during the proceedings. Nor is the claim mentioned in Judge Lockett's Rule 32 order or in the order issued by Alabama Court of Criminal Appeals affirming the Rule 32 denial.

[3] There are narrow exceptions to the exhaustion requirement not applicable here, i.e, "an absence of available State corrective process[ ] or [ ] circumstances [ ] that render such process ineffective to protect the rights of the applicant." 28 U.S.C.A § 2254(b)(1)(B).

well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar."[4] *McNair v. Camp*bell, 416 F.3d 1291, 1305 (11th Cir. 2005).  Petitioner 's Fourth Amendment and *Brady* claims can no longer be raised in state court due to Rule 32's prohibition on successive petitions and/or Rule 32's limitations period.  *See* Ala. R. Crim. P. 32(b) (successive petitions); Ala. R. Crim. P. 32(c) (limitations period).  These claims are, therefore, procedurally barred.[5]

With respect to the ineffective assistance of counsel claims, which were exhausted in state court, the standard of review under AEDPA requires the Court to "accord a presumption of correctness to the state court's factual findings." *Mason v. Allen*, 605 F.3d 1114, 1118 (11th Cir. 2010) (per curiam).  The state court's decision on the merits of a claim cannot be the basis for habeas relief unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1) & (2). A decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme

---

[4] It is possible for the State to waive the exhaustion requirement but only if "the State, through counsel, expressly waives the requirement."  28 U.S.C. § 2254(d)(3).  The Court does not take Respondent's erroneous statement that Petitioner "appears to have exhausted his claims" as an express waiver.

[5] The Magistrate Judge, likely out of an abundance of caution, addressed the merits of the *Brady* claim.  This Court alternatively concludes that the *Brady* claim is procedurally barred.

Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A decision involves an "unreasonable application " of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principles to the facts of the prisoner's case." *Id.*

      The Rule 32 court concluded that the Petitioner had failed to meet his burden of proof with respect to his ineffective assistance of counsel claims.  Petitioner presented no evidence other than his own testimony, which the Rule 32 court found to be "conclusory" and "unsupported by evidence."  This Court cannot say that the state court's factual determination was unreasonable in light of the evidence or lack thereof.  Nor can the Court say that the denial of the ineffective assistance of counsel claims based on this evidence was either contrary to or involved an unreasonable application of *Strickland* and its progeny.

      For the reasons set forth above, the Court **overrules** Petitioner's objections and **adopts** the Report and Recommendation of the Magistrate Judge that the petition be denied and that this action be dismissed with prejudice.

      **DONE** and **ORDERED** this the 2nd day of June, 2015.

                                    s/*Charles R. Butler, Jr.*
                                    **Senior United States District Judge**